**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRAVE LAW FIRM, LLC,

    Plaintiff - Appellant,

v.

TRUCK ACCIDENT LAWYERS
GROUP, INC.; BRAD PISTOTNIK LAW
FIRM, P.A.; BRADLEY A. PISTOTNIK,

    Defendants - Appellees.

No. 24-3028
(D.C. No. 6:17-CV-01156-EFM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Plaintiff-Appellant Brave Law Firm, LLC ("Brave") appeals the district court's denial of a motion to unseal certain litigation documents. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2017, Brave sued the defendants (collectively, "Pistotnik") alleging violations of the Lanham Act and Kansas law in connection with certain advertisements for legal services.[1]  But Brave agreed to dismiss the lawsuit if Pistotnik produced proof that a large settlement touted in some of its advertisements (the "state-court settlement") actually occurred.  Pistotnik produced proof the district court deemed sufficient, so it dismissed the case.  Brave appealed, and we affirmed.  *See Brave L. Firm, LLC* ["*Brave*"] *v. Truck Accident Laws. Grp*, 843 F. App'x 134, 137-38 (10th Cir. 2021).

During discovery, Brave obtained information related to the state-court settlement including the confidential settlement agreement.  Using that information, Brave obtained additional information about the underlying litigation and indicated an intent to publish it.  Pistotnik then moved for a protective order under Fed. R. Civ. P. 26(c).  The district court entered a protective order "requiring Brave to maintain the confidentiality of the former clients' identities and precluding [Brave] from publicly connecting the court records . . . obtained to the Settlement."  *Brave*, 843 F. App'x at 136.  Brave filed an unredacted copy of the settlement agreement, but that copy remained under seal.  Brave appealed that protective order,

---

[1] This is one of many proceedings Brave has brought against Pistotnik in state and federal court.  *See* Aplt. App. vol. 2 at 471–73 (detailing other actions between Brave and Pistotnik).  Brave and Pistotnik operate competing personal-injury law firms in Kansas.  At one time Brave and Pistotnik worked together as part of the same law firm.

2

but this court affirmed it along with the order dismissing the claims.
*See id.* at 137–38.

Two years later, Pistotnik moved to reopen the case "for the limited purpose of enforcing and ensuring compliance with" the protective orders. Aplt. App. vol. 2 at 454. In that motion, Pistotnik stated that the name of an individual involved in the earlier-litigated settlement was "inadvertently not redacted from the version of the transcript filed as of record in the present case." *Id.* at 455. Pistotnik had redacted the names in portions of the transcript but, inadvertently, left the names unredacted in two additional locations. Pistotnik requested leave to (1) substitute a properly redacted transcript and (2) file a motion to hold Brave in contempt for violating the court's protective order.

The district court granted the motion to reopen. Pistotnik then filed several motions: a motion to substitute the transcript with a correctly redacted one, a contempt motion, and a motion to file under seal certain documents attached to the contempt motion. Brave objected and, separately, filed a "Motion to Unseal Doc. 99-1." Aplt. App. vol. 5 at 1305. "Doc. 99-1" referred to the state-court settlement agreement. The district court granted Pistotnik's motion to substitute the transcript and motion to file certain documents under seal. But the court denied Pistotnik's motion to hold Brave in contempt and Brave's request to unseal the state-court settlement agreement.

This appeal followed. Brave challenges the denial of the motion to unseal. Pistotnik does not cross-appeal the denial of the contempt motion.

3

## DISCUSSION

"[T]he court has authority to alter the terms of a protective order it has entered, and ordinarily requests to modify are directed to the district court's discretion and subject to review only for abuse of discretion." *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (internal quotation marks, brackets, and ellipsis omitted). When reviewing for abuse of discretion in this context, "we will not disturb a trial court's decision absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted).

Brave asks us to reverse the denial of the motion to unseal. But his arguments on appeal consist mostly of attempts to relitigate what was raised and decided against him in the prior appeal. *See Brave*, 843 F. App'x at 138. Reprised here, these arguments fail for largely the same reasons. "[The] common-law right of access to judicial records . . . is not absolute." *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal citations omitted)). The district court's order permits public access to the terms of the state-court settlement, minus the names of the private individuals who are non-parties to this suit. This order struck an appropriate balance—limiting the potential for "harassment from other members of the public due to the large amount of money [the state-court clients] received," Aplt. App. vol. 4 at 1330, while permitting the public to examine and review the court's decision. And this balance fell well within "the bounds of permissible choice in the circumstances."

4

*Merrill Scott & Assocs.*, 600 F.3d at 1271. We thus discern no abuse of discretion in the district court's ruling.

Brave insists the district court erred by keeping the identity of the parties in the state-court settlement sealed because that information is otherwise publicly available. In connection with this argument, he asserts the district court failed to apply the proper legal standards in ruling the settlement agreement should remain sealed. We disagree. "In this situation, in which Brave obtained possession of otherwise public information only through leveraging its access to materials the magistrate judge declared protected, we cannot conclude that the district court abused its discretion in upholding the magistrate judge's orders." *Brave*, 843 F. App'x at 138. Likewise, we are not left with a definite and firm conviction that the district court erred when it declined to fully unseal one document (the state-court settlement agreement) simply because Pistotnik mistakenly failed to fully redact a different document (the transcript) when first permitted to file it.

## CONCLUSION

We affirm the judgment of the district court. We grant Pistotnik's request to seal these portions of the record: Doc. 99-1 (Aplt. App. vol. 6 at 1341–57), and Doc. 99-6 (*Id.* at 1358–62). We otherwise grant Brave's request to unseal the remaining portions of the appellate record in this case.

Entered for the Court


Veronica S. Rossman
Circuit Judge


5